UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HELLER HEALTHCARE FINANCE, INC., | ) ) | CASE NO.1:03CV1864 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| CHARLENE OPALICH, ET AL., | ) ) | ORDER |
| Defendants. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Motion for Protective Order of Christopher Krause (ECF Dkt. # 76). After careful consideration and review the Court denies the Motion for Protective Order and finds that the attorney-client privilege was waived by Defendants. The Opalichs waived, in writing, any privilege to the work performed by the firm of Fauver, Keyse-Walker & Donovan, L.P.A. and produced the firms file on the estate planning the firm performed for the Opalichs. Therefore, Plaintiff is entitled to depose Mr. Krause on the estate planning work performed by his firm for the Opalichs.

The Opalichs then waived all privilege by introducing into evidence the affidavit of attorney Kevin Donovan, another attorney at Fauver, Keyse-Walker & Donovan. The affidavit

states that Christopher Krause reviewed revocable trusts with the Opalichs in June of 2000 and February of 2003, making changes to the trust and establishing an irrevocable trust into which was placed the contents of the family residence. In addition, Charlene Opalich transferred the title of the family residence into the revocable trust. The affidavit expressly states, "to the best of my knowledge and belief, the transfer of Charlene Opalich's real estate to her revocable trust was not motivated by an intent to defraud creditors, but was instead, part of her on-going estate planning process;". It goes on to say, "both Mr. and Mrs. Opalich were advised by this firm that, since the residence is owned by a revocable trust, it remains subject to the claims of Charlene Opalich's creditors; both Mr. and Mrs. Opalich were also advised by this firm that, based on our review of documents presented to us by them as to any claims that Heller Financial might otherwise have against Nicholas Opalich and/or Charlene Opalich, the residence was contractually excluded from being at risk from such a claim."

These statements by an attorney at Fauver, placed into the record by the Opalichs, waives all attorney-client privilege on the work performed by Fauver for the Opalichs or the advice given the Opalichs by attorneys at Fauver. "One waiver of attorney-client privilege waives privilege as to all lawyers working jointly on the matter; there are not numerous privileges between client and each attorney of law firm." *Kelsey-Hayes Co., v. Motor Wheel Corp.*, 155 F.R.D. 170, 171 (W.D. Mich. 1991). "Although attorney-client privilege is an important element of our legal system, parties should not be able to manipulate the privilege so as to release only favorable information and withhold anything else." *Id.* "Once the attorney-client privilege has been waived, the privilege is generally lost for all purposes and in all forums." *Genentech, Inc. V. United States Intern. Trade Comm.*, 122 F.3d 1409, 1416 (Fed. Cir. 1997).

In the case before this Court, Mr. Krause may not avoid answering the questions or

topics submitted by Plaintiff, under the attorney-client privilege, as such privilege has been waived by the Opalichs. Subject to the revisions made by Plaintiff in its letter of October 28, 2005, the Court orders Mr. Krause to answer fully and completely the information requests contained in Plaintiff's October 28, 2005 letter.

IT IS SO ORDERED.

11/7/05
Date

*Christopher A. Boyko*
CHRISTOPHER A. BOYKO
United States District Judge